### MILLER *v.* THE STATE.

1. The evidence was sufficient to warrant the verdict.
2. It is not error to refuse to grant a new trial because of newly discovered evidence, when no affidavits are adduced as to the character and credibility of the witnesses whose newly discovered evidence is relied upon.

Submitted March 16.—Decided April 6, 1903.

Indictment for murder. Before Judge Dart. Charlton superior court. December 30, 1902.

*W. M. Olliff, E. J. Stafford,* and *L. A. Wilson,* for plaintiff in error. *John C. Hart,* attorney-general, and *John W. Bennett,* solicitor-general, contra.

SIMMONS, C. J. Under an indictment for murder, Dennis Miller was convicted. He made a motion for a new trial, which was refused. He excepted.

1. The motion for new trial, as originally made, contained only the grounds that the verdict was contrary to law and the evidence "and to the principles and justice and equity." The record shows that the evidence was amply sufficient to warrant the verdict.

2. The motion was amended by praying that a new trial be granted on the ground that, since verdict, certain evidence had been discovered. In support of this ground were attached the affidavits of witnesses, relating to the mental condition of the convict. There was also an affidavit by counsel for the movant, showing that this evidence, relied upon to show that Miller was insane at the time of the homicide, was unknown to them until after the verdict, and

could not have been earlier discovered by the use of ordinary diligence. We think it very doubtful if the affidavits are sufficient to authorize a conclusion that Miller had not sufficient mental capacity to be legally responsible; but, without regard to that question, we must affirm the ruling of the trial judge on another ground. There were no affidavits to sustain the newly discovered witnesses, and no showing as to their residence, associates, character, or credibility. The Civil Code, § 5481, provides that "if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." There having been no effort to comply with this requirement, the trial judge did not err in refusing to sustain this ground of the motion.　　　*Judgment affirmed. By five Justices.*